**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                        No. 96-4205

JEFFREY ROY CROSBY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-95-619)

Submitted: October 3, 1996

Decided: October 16, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Debra Owens Jackson, Florence, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, William E. Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Roy Crosby appeals his conviction, by a jury, of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1996), on the ground that his Miranda[1] and Fifth Amendment rights against self-incrimination were violated by the district court's admission, over objection, of a statement Crosby made to his probation officer while at the police station. We affirm Crosby's conviction.

The statement Crosby challenges was made during a forty to forty-five minute interrogation in an open room at the police station, after Crosby voluntarily accompanied officers to the station for questioning. Prior to going to the station, one of the officers specifically told Crosby that he was not under arrest, and that he was free to go. Crosby made no requests during the interrogation. Moreover, even without the challenged admission that his fingerprints may be on the firearms which officers seized pursuant to Crosby's consensual search, there were multiple witnesses who testified at trial that Crosby had been in possession of firearms.

Based on these undisputed facts, we find that there was no custodial interrogation within the meaning of Miranda , nor anything in this record to suggest that Crosby was significantly deprived of his freedom, or coerced or restrained so as to render him in custody at any time prior to making the statement at issue. See e.g., Minnesota v. Murphy, 465 U.S. 420, 429-31, 433 (1984); California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam); Davis v. Allsbrooks, 778 F.2d 168, 171 (4th Cir. 1985). Nor does the fact that Crosby was on probation at the pertinent time automatically render him in custody for purposes of receiving Miranda protection. See generally Minnesota v. Murphy, 465 U.S. at 433.[2]

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] Moreover, even if the district court's admission of the statement was a violation of Crosby's constitutional rights, we find that given the other ample evidence of his guilt, any error was, at most, harmless.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3